State v. Scarlett.

---

### STATE v. SCARLETT.

1. LIQUOR: *Indictment for selling liquor within three miles of Evening Shade College.*

An indictment for selling liquor within three miles of Evening Shade College, must aver that the sale was not for medical purposes by a regular practicing physician, who had made and recorded the affidavit required by the Act of twenty-sixth of February, 1879.

ERROR to *Sharp* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*H. B. Moore*, Attorney-General, for plaintiff in error.
*Scarlett*, *pro se.*

#### STATEMENT.

Indictment against W. B. Scarlett, for selling ardent spirits within three miles of Evening Shade College, in vio-

lation of the Act of twenty-sixth of February, 1879, pro-hibiting the sale, or giving away of ardent spirits, within three miles of Evening Shade College.''

The sufficiency of the indictment only has been passed. on by the court, and its defects are sufficiently shown in the opinion.

HARRISON, J. The indictment in this case is bad. · It did not negative the exception in the act, or aver that the sale of the ardent spirits was not for medical purposes by a regular practicing physician, and who had made and recorded the affidavit prescribed by the act. 1 *Bish. Crim. Proced.*, secs. 631, 636 ; 1 *Chit. Crim. Law*, 284 ; *Thompson* v. *The State*, 37 *Ark.*, 408. As for that reason the judgment must be affirmed, we need not consider the excep-tions taken by the State upon the trial.

Affirmed.